UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATRINA MCGREW,

        Plaintiff,        CASE NO. 16-10978
                                    HON. DENISE PAGE HOOD
v.

SERGEANT DUNCAN, *et al.*,

        Defendants.
_____/

## ORDER AFFIRMING MAGISTATE JUDGE'S ORDER [#36], AND DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER [#38]

This matter is before the Court on an objection to Magistrate Judge Elizabeth Stafford's ("Magistrate Judge") Order dated August 22, 2017, denying Plaintiff Katrina McGrew's ("McGrew") Motion for Leave to file an Amended Complaint. (Doc # 36) McGrew specifically objects to the Magistrate Judge's finding that allowing McGrew to file an amended complaint fifteen days prior to the discovery deadline of August 4, 2017 would result in undue delay prejudicial to the Defendants.

The decision and order of a non-dispositive motion by the Magistrate Judge will be upheld unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Any appeal of or objections to a magistrate

1

judge's order must be made within 14 days of the entry of the order, must specify the part of the order the party objects to, and state the basis for the objection. E.D. Mich. LR 72.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. 72(a). In a non-dispositive order entered by a magistrate judge, a district judge shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. Fed. R. Civ. R. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 398 (1948); *Hagaman v. Commissioner of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992). Rule 72(a) provides considerable deference to the determinations of the magistrate judge. *In re Search Warrants*, 889 F. Supp. 296, 298 (S.D. Ohio 1995). McGrew presents two principal arguments to support her objection to the Magistrate Judge's Order.

First, McGrew argues that the Magistrate Judge's finding that McGrew failed to provide adequate explanation for the delay in bringing her unlawful search and seizure claim was clearly erroneous. The Magistrate Judge acknowledged that McGrew's claim that Officer Moore made false allegations on the search warrant was not futile. The Magistrate Judge, however, found McGrew's justifications for waiting until near the closing of Discovery to add the

claim inadequate because the information relied on was available to McGrew long before Officer Moore's deposition—the point at which McGrew claims to have discovered the factual basis for the claim. McGrew argues that the Magistrate Judge ignored McGrew's contention that her unlawful search and seizure claim is based on Officer Moore's false testimony that he made activity logs describing surveillance on McGrew's home, in conjunction with Defendants' attorney's statement that no such activity logs exist, which was made in June 2017.

The proposed Amended Complaint includes the following allegedly false statements: (1) "Defendant Moore falsely claimed . . . to have watched six people purchase narcotics from Ms. McGrew's home . . . ."; and (2) "Defendant Moore further falsely claimed that he spoke to one of the purchasers . . . [who claimed] he . . . purchased narcotics from Ms. McGrew's home." (Doc # 28-1, Pg ID 16, ¶¶ 89-92) The Amended Complaint adds that "[w]ithout these false claims in [the] affidavit, the search warrant would not have been signed by the judge . . . ." *Id.* The Magistrate Judge pointed out that McGrew had access to information regarding the truth of those statements before Officer Moore's deposition, and McGrew failed to explain why she waited two months after the deposition to attempt to add a claim based on those statements. The Court notes that McGrew makes no mention of the activity logs or their existence in the proposed Amended

Complaint. The Magistrate Judge's finding regarding the unlawful search and seizure claim was not clearly erroneous.

Second, McGrew argues that the Magistrate Judge's finding that McGrew failed to identify a specific policy or custom to support her proposed *Monell* claim was clear error because the 6th Circuit recognizes *Monell* claims for a failure to investigate or discipline officers, and for failure to train or supervise. A city's failure to investigate claims against its police officers or discipline its officers for illegal acts may give rise to § 1983 liability. *Hullett v. Smiedendorf*, 52 F. Supp. 2d 817, 825 (W.D. Mich. 1999) (citing *Leach v. Shelby County Sheriff,* 891 F.2d 1241, 1247 (6th Cir.1989); *Marchese v. Lucas,* 758 F.2d 181, 188 (6th Cir.1985)). In addition, "[a] systematic failure to train police officers adequately is a custom or policy which can lead to municipal liability." *Miller v. Sanilac Cty.*, 606 F.3d 240, 255 (6th Cir. 2010) (citations omitted).

The Magistrate Judge found that McGrew's proposed *Monell* claim would lead to undue delay because of the timing of the proposed claim, and because McGrew did not adequately plead any *Monell* claim. The Magistrate Judge determined that McGrew merely stated her proposed *Monell* claim in a conclusory manner, and therefore did not provide justification for the late attempt to add the claim. McGrew's proposed Amended Complaint is devoid of factual allegations to support her *Monell* claim. To survive a motion to dismiss, a plaintiff must offer

sufficient factual allegations to make the asserted claim plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Department of Treasury, State of Michigan, Revenue Div.,* 987 F.2d 376, 382–83 (6th Cir.1993)).

The Court finds that the Magistrate Judge did not clearly err in finding that McGrew failed to provide adequate justification for her attempt to add a *Monell* claim at such a late stage in this action.

Finally, McGrew argues any claim of prejudicial impact against Defendants is "imaginary at best." (Doc # 38, Pg ID 12) The Sixth Circuit, however, has consistently held that allowing a complaint to be amended after the close of Discovery creates prejudice. *Gormley v. Precision Extrusions, Inc.*, 174 F. App'x 918 (6th Cir. 2006) (citing *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)). In the present case, both the Discovery deadline and the Dispositive Motion deadline have passed. The Magistrate Judge was correct in finding that allowing the complaint to be amended at this stage would create significant prejudice to Defendants.

### III. CONCLUSION

For the reasons set forth above,

5

IT IS HEREBY ORDERED that the Magistrate Judge's August 22, 2017 Order (Doc # 36) is AFFIRMED.

IT IS FURTHER ORDERED that Plaintiff Katrina McGrew's Objections to the Magistrate Judge's Order (Doc # 38) are DENIED.

IT IS ORDERED.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: March 30, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 30, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager